UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY LIVINGSTON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES,<br><br>Respondent. | 19-cv-12656<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Petitioner Timothy Livingston's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 because he received ineffective assistance of counsel in violation of the Sixth Amendment. ECF No. 1 ("Motion"). For the reasons set forth below, the Motion is **DENIED**.

I. **BACKGROUND**

On December 11, 2015, the United States Attorney's Office for the District of New Jersey charged Petitioner in a three-count indictment. ECF No. 1, 15-cr-636. On July 8, 2016, Petitioner was charged in a six-count superseding indictment. ECF No. 35, 15-cr-636 ("Superseding Indictment"). On October 27, 2016, Petitioner pled guilty to counts one, two, and six of the Superseding Indictment. ECF No. 53, 15-cr-636. Count one charged Petitioner with conspiracy to commit an offense or defraud the United States in violation of 18 U.S.C. § 371. Count two charged Petitioner with conspiracy to commit fraud and related activity in connection with electronic mail, in violation of 18 U.S.C. § 1037(a)(1) & (3)-(4), (b)(2)(A) & (C)-(E). Count six charged Petitioner with aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1) & (2). At the plea hearing, Petitioner admitted to the following facts:

- He was "a member of a conspiracy to transmit multiple unlawful commercial electronic mail messages commonly referred to as Spam."
- He agreed with "Tomasz Chmielarz to use access credentials for email accounts belonging to customers of Corporate Victim No. 1, a telecommunications company, without the authorization of Corporate Victim No. 1 or its customers." He did so "with the intent to defraud, using a computer program Chmielarz had created" and he did, "in fact, obtain the credentials for these accounts" and "access the accounts without authorization, using that program with the intent to defraud."
- He agreed with Chmielarz to, and in fact did, "send commands to these accounts to transmit Spam for private financial gain." "[B]y using these accounts to transmit Spam, the integrity or availability of data was impaired in the accounts of customers of Corporate Victim No. 1" and Petitioner "obtained something of value worth $1,000 or more during a one-year period, not including the use of Corporate Victim No. 1's servers" and "caused

1

loss to one or more persons during any one-year period, aggregating in at least $5,000 in value."
- He agreed with Chmielarz to, and in fact did, "transmit Spam by exploiting vulnerabilities in a website owned by Corporate Victim No. 2, [a technology and consulting company headquartered in New York,] using another computer program Chmielarz had written." He "did so in a manner that would impair the ability of a recipient of the message . . . or a law enforcement agent to identify, locate or respond to a person who initiated the electronic mail message, or to investigate the alleged violation."
- Petitioner used "proxy servers to remain anonymous, hide the true origin of the Spam, and evade anti-span filters and other Spam-blocking techniques." "[T]he header information in the Spam . . . was altered or concealed in a manner that would impair the ability of a recipient of the message . . . or law enforcement agency to identify, locate or respond to a person who initiated the electronic mail message or to investigate the alleged violation."
- He took the above-described actions "knowingly, willfully and voluntarily," and plead guilty "voluntarily and of [his] own free will because [he is], in fact, guilty."

ECF No. 90 at 16-20, 15-cr-636 ("Hearing Transcript"). Based on the above-described facts and Petitioner's answers in his Form 11 questionnaire, the Court found Petitioner "capable of entering an informed plea" and "aware of the nature of the charges and consequences of the plea." *Id.* at 21. The Court thus accepted Petitioner's guilty plea. *Id.*

On February 14, 2017, Petitioner was sentenced pursuant to a Rule 11 plea agreement to forty-eight months imprisonment and one year of supervised release. ECF Nos. 60, 82, 15-cr-636. The same day, the Court entered a judgment against Petitioner. ECF Nos. 61, 15-cr-636. Without changing the sentence imposed, the Court amended its judgement several times before entering a Second Corrected Amended Judgment on March 23, 2017. ECF No. 76, 15-cr-636. Petitioner did not appeal.

## II. PETITION AND OPPOSITION

On May 15, 2019, Petitioner filed his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner "contends he was misled by his counsel into believing that an erroneous [l]oss [e]nhancement was appropriate," thus violating his Sixth Amendment rights. Mot. at 2. Petitioner asserts that throughout plea negotiations, his attorney ("Defense Counsel") "advised him that his Offense Level would be enhanced, based upon the money he had earned during the time period of the alleged conspiracy, constituting his offense conduct ('GAIN'), even though the GAIN did not result in a loss to victims." *Id.* at 4. Further, Defense Counsel "advised him that he would be facing more than eighty-seven (87) months imprisonment, if he did not accept the plea agreement." *Id.* Petitioner asserts that had Defense Counsel advised him that a gain could only be used to calculate a sentence enhancement under certain circumstances (i.e., when it reasonably approximates a victim's loss), he would have never accepted the plea offer. *See id.* at 7-8.[1]

---

[1] Throughout his briefing, Petitioner asserts that his potential liability and sentence were improperly

2

In opposition, the Government contends that the petition is time barred and, in any event, the Petitioner was not misled by Defense Counsel. Opp. at 7, ECF No. 7. In reply, Petitioner argues that his claim is not time barred because he "only became aware of [Defense Counsel's] malfeasance and violative performance in January of 2019." Reply at 4, ECF No. 7. However, somewhat confusingly, Petitioner concedes that:

> Due to the timing of [Petitioner's] claims being asserted more than a year after his case was final, the fact that he received an unreasonable sentence due to ineffective assistance of counsel is inadequate to qualify him for [] relief, in and of itself. So too, the fact his conviction should be vacated for not having been able to make a knowing and intelligent guilty plea due to [Defense Counsel] having misled him as to the law, is one which also cannot be asserted at this time, absent his demonstrating his actual innocence.

*Id.* at 28. Petitioner then argues he has met his burden of demonstrating actual innocence. *Id.*

## III. DISCUSSION

### A. Habeas Petitions Under 28 U.S.C. § 2255

> A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. This Court imposed Petitioner's sentence. Therefore, the petition is properly before the Court. Before reaching the merits, however, the Court must determine if Petitioner's claim is procedurally barred.

### B. The Petition is Time Barred

The Government contends the Motion "is time-barred because the facts supporting his claim were known to him when his conviction became final on February 14, 2017." Opp. at 7.

Motions pursuant to Section 2255 are subject to a one-year period of limitation, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

---

calculated, and his plea was unknowing and involuntary. *See, e.g.*, Mot. at 4, 8. The Court understands these arguments as derivative of Petitioner's claim that he received ineffective assistance of counsel due to Defense Counsel's failure to investigate and press these issues. *See, e.g.*, Reply at 4 ("[Petitioner's] Motion is based on the fact that his Counsel misled him . . ."). In any event, it does not matter whether Petitioner intended the claims to be derivative or to stand alone, as the procedural deficiencies described below apply equally to each of the justifications Petitioner sporadically raises.

3

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f).

Here, the "facts supporting [Petitioner's] claim," *id.*, are Defense Counsel's (1) advice regarding Petitioner's potential punishment if convicted at trial, based on the (allegedly incorrect) belief that Petitioner's significant financial *gain* could result in a sentence enhancement; and (2) failure to object to and investigate the loss amount used to justify a sentence enhancement, Mot. at 7-9. Petitioner received that advice—and Defense Counsel failed to press the loss/gain issue—before he entered his guilty plea. Put another way, when Petitioner's judgment of conviction became final, he knew (or could have discovered through due diligence) all the facts he relies on here to challenge the conviction and sentence. Accordingly, the one-year period of limitation ran from "the date on which the judgement of conviction bec[a]me[] final." 28 U.S.C. § 2255(f). Petitioner waited more than a year after his conviction became final to file the present motion. *Compare* Second Corrected Amended Judgment (filed March 23, 2017), ECF No. 76, 15-cr-636, *with* Motion (filed May 16, 2019); *see also Clay v. United States*, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Therefore, unless another fact or law rescues Petitioner's motion, it is time barred.

### C. Discovery of Case Law and an Article Do Not Save the Petition

Petitioner argues his motion is "timely[] and equitable tolling is warranted . . . to preclude a complete miscarriage of justice" because he did not discover "relevant case law regarding sentencing enhancements in CAN-SPAM offenses, which directly contradicts [Defense Counsel's] statements," until January 2019. Mot. at 2. Petitioner also cites an article ("Article") that purportedly "refutes the Government's accusations." Mot. at 3. The Article quotes a victim-company spokesperson's statement that "the company reviewed the information provided to it in the case and found no evidence any customer information was compromised or its systems were affected." *Id.* & Ex. 2, available at https://www.palmbeachpost.com/business/boca-kingpin-guilty-plea-unveils-world-hacks-spam-cash-ferraris/FikKGJT2rxINR3JpkXZEMO/.[2]

---

[2] Petitioner also argues that "[t]he Government has impeded [his] pursuit of exculpatory material." Mot. at 3. However, other than baldly asserting that the Government refused to provide information concerning his case pursuant to Freedom of Information Act requests, Petitioner does not articulate how the Government has improperly impeded his pursuit of exculpatory material. Without some explanation

4

The discovery of case law does not extend the period of limitations, except when the Supreme Court recognizes new rights. *See* 28 U.S.C. § 2255(f)(3). As Judge Easterbrook put it while analyzing practically identical language contained in Section 2244: "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000), *as amended* (Jan. 22, 2001). Here, the important facts (i.e., the facts supporting the claim) were Defense Counsel's advice and failure to press the loss issue. Because those facts occurred prior to Petitioner's conviction becoming final, they do not extend the period of limitations. *See* 28 U.S.C. § 2255(f); *Clay*, 537 U.S. at 525.[3]

Petitioner's reference to the Article quoting one of the victim's spokespeople is equally unpersuasive. *First*, as noted, Petitioner's motion is based on Defense Counsel's allegedly faulty advice and failure to press the "loss" issue. But all the facts material to those claims were known to Petitioner, or could have been reasonably discovered, at or shortly after he entered his guilty plea. Thus, even assuming Petitioner did not discover the Article until recently, that discovery did not restart the period of limitation. *See* 28 U.S.C. § 2255(f).

*Second*, assuming *arguendo* that Petitioner's claim is based on facts set forth in the Article, and assuming further that Petitioner learned of the Article within a year of filing suit, his claims are still time barred. Section 2255(f)(4) only prevents the limitations period from running until the relevant facts "could have been discovered through the exercise of due diligence." *Id.* The Article was posted on November 8, 2016, and updated the next day. *See* Article. Petitioner did not seek relief until May 2019. Regardless of when Petitioner actually read the Article, it "could have been discovered through the exercise of due diligence" well before May 2018. *See* 28 U.S.C. § 2255(f)(4). Accordingly, the Petition remains time barred.

### D. **Petitioner Failed to Demonstrate Actual Innocence**

On reply, Petitioner argues that because he is actually innocent, the Court should consider the merits of his motion despite its untimeliness. Reply at 28. In support, he argues the Government failed to "establish[] the requisite elements" of the crimes to which he pled guilty. *Id.* As to count one, Petitioner contends the Government failed to establish "a loss in excess of $5,000." *Id.* Similarly, for count two, he argues the Government failed to establish a loss in excess of $1,000. *Id.* Petitioner argues count three is similarly "unsustainable, due to the underlying offenses not having the requisite element." *Id.* at 28-29.

---

of how the Government's conduct was improper (or how the movant was prevented from making the present Motion due to the Government's conduct), this argument is insufficient to toll or extend the period of limitations. *See* 28 U.S.C. § 2255(f)(3).

[3] This is not to say new case law can never reset the period of limitations. In addition to the manner laid out in Section 2255(f)(3) (i.e., new Supreme Court recognized rights), when a legal decision itself is the *fact* that provides a right to relief, petitioners have a year to file suit. *See Johnson v. United States*, 544 U.S. 295, 308 (2005) (notice of vacatur of state court judgment *against the petitioner* "is the event that starts the one year running"). However, mere discovery of a legal principle or a new appreciation for the legal significance of old facts are not enough. *See Owens*, 235 F.3d at 359.

5

Under what has been dubbed the "miscarriage of justice exception," "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (discussing nearly identical provisions in Section 2244); *United States v. Springer*, 875 F.3d 968, 976 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 2002 (2018) (applying *McQuiggin* in Section 2255 context). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 615 (1998). "To invoke the miscarriage of justice exception . . . , a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner's claims of actual innocence are not credible because the element he claims the Government failed to satisfy—victim losses of $1,000 or $5,000—is not a necessary element of the crimes to which he pled guilty. Therefore, Petitioner has not shown that no reasonable juror could convict him, even considering the "new" evidence presented. *See id.*

Count one charged Petitioner with conspiracy to commit an offense or defraud the United States in violation of 18 U.S.C. § 371. The underlying offenses of the conspiracy were violations of 18 U.S.C. §§ 1029(a)(2) & (c)(1)(a)(i) & 1030(a)(4), (5)(A), (c)(3)(A), (c)(4)(A)(i)(VI) & (c)(4)(B). *See* Superseding Indictment at 2-3. Section 1029(a)(2) prohibits fraudulently *obtaining* anything of value aggregating $1,000 or more during a one-year period. And Section 1029(c)(1)(a)(i) sets the punishment for a Section 1029(a)(2) violation. Therefore, no applicable provision of 18 U.S.C. § 1029 requires that the Government prove a victim's $5,000 *loss*.

As to the relevant portions of 18 U.S.C. § 1030, only Subsection 1030(a)(4) sets forth any monetary threshold. But that threshold applies to the value of unauthorized computer *use* when such use is the only thing wrongly obtained, not the victim's *loss* amount. *See* 18 U.S.C. § 1030(a)(4)(making it a crime to "knowingly and with intent to defraud, access[] a protected computer without authorization . . . and . . . obtain[] anything of value, *unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period*." (emphasis added)). As to the other subsections noted in the Indictment, Subsection 1030(a)(5)(A) has no monetary threshold; Subsection 1030(c)(3)(A) simply provides the applicable punishment for a violation Subsection 1030(a)(4); and Subsection 1030(c)(4)(A)(i)(VI) relates to crimes affecting more than ten protected computers during a one-year period. Therefore, no applicable provision of 18 U.S.C. §§ 1029 or 1030 include a $5,000 victim *loss* threshold as an element.

As to count two (Conspiracy to Commit Fraud and Related Activity in Connection with Electronic Mail), the Superseding Indictment charges violations of 18 U.S.C. § 1037(a)(1) & (3)-(4), (b)(2)(A) & (2)(C)-(E). The substantive provisions—Subsections 1037(a)(1) & (3)-(4) do not include a $5,000 loss threshold: Subsection 1037(a)(1) prohibits unauthorized access to a protected computer for the transmission of commercial emails; Subsection 1037(a)(3) relates to header information in multiple messages; and Subsection 1037(a)(4) relates to the registration of user accounts or domain names. None require a victim to lose $5,000 or more.

The provisions in Subsection 1037(b) merely set forth the punishments for substantive violations in Subsection 1037(a). Under those provisions, a defendant can be sentenced to a fine

6

or up to three years imprisonment, or both, if: (1) the conduct is barred by Subsection (a)(1), *id.* § 1037(b)(2)(A); (2) the volume of emails sent exceeded various thresholds, *id.* § 1037(b)(2)(C); (3) "the offense caused loss to one or more persons aggregating $5,000 or more in value during any 1-year period," *id.* § 1037(b)(2)(D); *or* (4) "as a result of the offense any individual committing the offense obtained anything of value aggregating $5,000 or more during any 1-year period," *id.* 1037(b)(2)(E). Significantly, the provisions of Subsection § 1037(b)(2) are separated by the disjunctive "or." Therefore, the penalty imposed by that subsection is applicable if a defendant violated Subsection 1037(a)(1) *or* the volume of spam emails exceeded the listed thresholds *or* the offense caused a $5,000 loss *or* any individual gained $5,000. Accordingly, a victim's loss of at least $5,000 was not a necessary element of count two or the punishments applicable under 18 U.S.C. § 1037(b). Indeed, in the written plea agreement, Petitioner stipulated that he *gained* $1,346,442 through his criminal conduct. ECF No. 55 at 10, 15-cr-626. Therefore, the punishment provided under Subsection 1037(b)(2) was applicable regardless of any victim's loss. *See* 18 U.S.C. 1037(b)(2)(E).

As Petitioner's argument regarding count three is derivative of his position that the Government failed to prove a necessary element of counts one and two, the Court need not address it separately. In any event, at best, Petitioner asserts the Government failed to present evidence of certain portions of the crimes to which he pled guilty. That is not the standard applied to claims of actual innocence to excuse a procedural bar. *See McQuiggin*, 569 U.S. at 392, 400. Even accepting Petitioner's view of the criminal code, the Court is not convinced that the victims' loss was, in fact, less than $5,000. *See* Hearing Transcript at 18:6-10; ECF No. 82 at 12-13, 15-cr-626.

## IV. CONCLUSION

For the reasons set forth above, Petitioner Timothy Livingston's Motion pursuant to 28 U.S.C. § 2255 is barred by the one-year limitation period. The period of limitation began running from the date Petitioner's conviction became final. *See id.* § 2255(f). Petitioner failed to present any facts or law that would reset or toll the clock.

As the Motion and other files and records conclusively show that Petitioner is not entitled to relief, no hearing is necessary. *See Washington v. United States*, 13-cv-0275, 2014 WL 7405754, at *2 (D.N.J. Dec. 29, 2014). Further, Petitioner did not respond to the Government's request that the Court not issue a certificate of appealability ("COA"). Opp. at 9. Accordingly, no COA will issue. *See Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005) (discussing waiver in Habeas cases). Even if Petitioner sought a COA, it would be inappropriate because no "jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." *Slack v. McDaniel*, 529 U.S. 473, 485 (2000) (discussing 28 U.S.C. § 2253).

Accordingly, Petitioner's Motion is **DENIED**. An appropriate order follows.

Date: November 18, 2019

WILLIAM J. MARTINI, U.S.D.J.

7